## MORGAN vs. THE STATE.

[INDICTMENT FOR CONSPIRACY TO EXTORT MONEY, &C.]

1. *Witness; when error to exclude.*—It is error to exclude a witness on a general objection, without stating any reason for the objection.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM,

The appellant, W. F. L. Morgan, was jointly indicted with Augustus C. Rose and Robert W. Graham, for a conspiracy to extort money. Before the trial, a severance had been granted as to Rose, and the venue, as to him, changed to Bullock county. On the trial of this case, Morgan having offered " Aug. C. Rose " as a witness, the solicitor, on the part of the State, objected to said Rose being examined as a witness, without specifying any reason therefor, and the court sustained the objection, and would not permit said Rose to testify. To this, and other rulings and charges of the court not necessary to be further noticed, the defendant excepted, and now assigns the same for error.

WATTS & TROY, for appellant.
JOHN W. A. SANFORD, Attorney-General, contra.

PECK, C. J.—The conviction in this case must be reversed. On the trial, the accused offered a witness named Aug. C. Rose. The State objected, and he was excluded; but no reason is given for the objection, or the exclusion of the witness. Every witness must be presumed to be competent, until the contrary is shown. A mere general objection, without any reason for it, is no objection at all, and it is error to sustain it. The probable reason was, though it is not stated, that the witness was one of the persons jointly indicted with the accused ; but an accused person should not be convicted on a probability. The rule on this subject, as stated in the first volume of Bishop on Criminal Law, § 511, is, " If two persons are jointly indicted, neither of the defendants can be a witness for the other, until the case is disposed of, either by the conviction or acquittal of the defendant whose testimony is to be used, or by an entry of a nol. pros. as to such defendant." This question most usually arises where two or more persons are jointly indicted, and one is offered as a witness for the State, but it is equally applicable, when offered by a defendant who is tried alone. In this case, the indictment is a joint indictment against Augustus C. Rose, William F. L. Morgan, and Robert W. Graham. A severance had

been granted as to said Augustus C. Rose, and the venue, as to him, had been changed to Bullock county. The other two were on trial, and they offered as a witness one Aug. C. Rose. The State objected to his examination, without stating any reason for the objection, and he was excluded by the court, and the defendants on trial excepted. The exclusion of this witness, under the circumstances, was error. This court, as it is not stated, can not know that Aug. C. Rose was Augustus C. Rose named in the indictment. We put our decision on this ground : as if he were the same person, it is not necessary, as the case stands, to decide what effect, if any, the severance had upon his competency. If competent, it would no doubt have greatly impaired his credibility, but that was a question for the jury, not for the court.

The objection to the charge of the court is not considered, as it may not be given on another trial. Let the conviction and judgment be reversed, and the cause remanded for another trial.